Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JUAN CARLOS VEGA MARTÍNEZ<br><br>Peticionario<br><br>v.<br><br>JOSÉ M. TORAL MUÑOZ Y OTROS<br><br>Recurrido | KLCE202500433 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Guaynabo<br><br>Sobre:<br>Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) y otros<br><br>Caso Núm.<br>BY2023CV04591<br>Consolidado con:<br>BY2024CV03692 |

Panel Especial integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de junio de 2025.

Comparece ante nos Juan Carlos Vega Martínez (en adelante, peticionario), y nos solicita que dejemos sin efecto una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Guaynabo, emitida y notificada el 31 de marzo de 2025. Mediante la misma, el foro primario ordenó al peticionario a desistir de utilizar los haberes y dinero de la Fundación Rigoberto Figueroa Figueroa, Corp., así como del caudal hereditario de Rigoberto Figueroa Figueroa, para el pago de honorarios de abogados del presente caso.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

**I**

El 17 de agosto de 2023, el peticionario, en calidad de miembro de la Junta de Directores de la Fundación Rigoberto Figueroa Figueroa, Corp., presentó una petición de *injunction* estatuario según dispuesto en el Artículo 7.15 de la Ley General de Corporaciones, Ley Núm. 164-2009, 14 LPRA sec. 3655. En el

pliego, alegó que José M. Toral Muñoz (en adelante, el recurrido), quien ocupaba los cargos de presidente y tesorero de la Junta de Directores (en adelante, Junta) de la aludida corporación, incumplió con su deber al dejar de convocar una reunión para nombrar a un tercer miembro a la Junta, y celebrar las dos (2) reuniones anuales, alegadamente requeridas por los estatutos corporativos. A su vez, adujo que el recurrido no visitaba las oficinas de la corporación hacía dos (2) años. Por ello, planteó que el recurrido faltó a su deber de fiducia por abandono y falta de compromiso con los deberes de los cargos de presidente y tesorero de la Corporación. Así, argumentó que en virtud del Artículo 7.15 de la Ley Núm. 164, *supra*, se debía decretar que este no podía continuar ejerciendo los antedichos cargos, por violación a su deber de fiducia.

Por su parte, el 27 de septiembre de 2023, el recurrido y la Fundación, presentaron *Contestación a la Demanda y Reconvención.* Esta última fue enmendada el 15 de agosto de 2024. En la aludida *Reconvención,* el recurrido solicitó el cese del señor Vega Martínez como director, al amparo del Art. 19 de los estatutos de la Fundación y señaló la alegada violación a sus deberes de fiducia, incluyendo la utilización indebida de fondos de la Fundación y de entidades pertenecientes al caudal hereditario de Rigoberto Figueroa Figueroa. En específico, sostuvo que el peticionario utilizó dichos recursos para sufragar gastos legales y el pago de honorarios de abogados en acciones derivativas en el presente caso, sin contar con la autorización de la Junta. Asimismo, alegó que el peticionario no obtuvo la debida aprobación corporativa para dichas erogaciones y que venía obligado a devolver todos los fondos utilizados sin permiso.

Posteriormente, luego de varios incidentes procesales no pertinentes a la controversia ante nuestra consideración, el 14 de febrero de 2025, el recurrido presentó una *Moción Urgente*

*Solicitando Vista Sobre Remedio Provisional al Amparo de la Regla 56.1 de Procedimiento Civil,* en la cual reiteró sus señalamientos sobre el uso no autorizado de fondos por parte del peticionario para sufragar honorarios de abogado en el presente litigio. Por lo anterior, solicitó al Tribunal de Primera Instancia que señalara vista de remedio provisional al amparo de la Regla 56.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.1, y prohibiera el uso de fondos del caudal hereditario de la Fundación Rigoberto Figueroa Figueroa Corp., para el pago no autorizado de honorarios de abogado.

En reacción, el 28 de febrero de 2025, el peticionario presentó su *Oposición a la Moción Urgente Solicitando Vista sobre Remedio Provisional.* En la misma, alegó que la solicitud del recurrido era tardía y onerosa. Asimismo, expresó que no participa ni ha participado en forma alguna en gestiones relacionadas con el pago de sus honorarios de abogado por parte de la Fundación, y que desconoce los detalles vinculados a dichos pagos. Añadió que la administración de los bienes del caudal hereditario fue encomendada al Lcdo. Rafael Cintrón Perales, quien fue designado como albacea en el testamento del señor Rigoberto Figueroa Figueroa. Igualmente, sostuvo que existen mecanismos ordinarios disponibles para atender la controversia sin necesidad de acudir al remedio provisional. Finalmente, añadió que había una estipulación de su parte en cuanto a la devolución de los fondos si no prevalecía en los méritos y que, en todo caso, la controversia podría tornarse académica ante el vencimiento del término del recurrido, quien también reclama representar a la Fundación. Consecuentemente, solicitó que el Tribunal denegara la *Moción Urgente* y se abstuviera de imponer un remedio provisional, permitiendo que el caso siguiera su curso ordinario conforme a derecho.

Así las cosas, el 28 de febrero de 2025, el peticionario también presentó un documento intitulado *Moción Informativa Sobre el*

*Vencimiento Próximo del Término del Demandado como Director*. En síntesis, adujo que al recurrido se le vencía su término como director de la Junta de la Fundación el 3 de abril de 2025, por lo que la solicitud para que se le removiera de su posición se iba a tornar académica.

En respuesta, el 6 de marzo de 2025, el recurrido presentó una *Segunda Moción Solicitando Remedios Provisionales*, mediante la cual solicitó al Tribunal de Primera Instancia que, como remedio provisional, se le prohibiera al peticionario a actuar, a partir del 3 de abril de 2025, bajo la pretensión de ser director único de la Fundación hasta tanto el Tribunal dilucidara el asunto.

Tras entender sobre los antedichos pliegos, así como sobre los escritos en oposición, y luego de la celebración de una vista argumentativa, el 31 de marzo de 2025, el Tribunal de Primera Instancia emitió y notificó la *Resolución* recurrida. Mediante la misma, al amparo de las Reglas 56.1 y 56.5 de Procedimiento Civil, *supra*, ordenó provisionalmente al peticionario a desistir del uso no autorizado de los haberes y dinero de la Fundación Rigoberto Figueroa Figueroa, Corp., así como del caudal hereditario de Rigoberto Figueroa Figueroa, en y para el pago de honorarios de abogados relacionados con su causa de acción, hasta tanto se disponga lo contrario. Asimismo, el Foro *a quo* eximió de la prestación de fianza a la parte promovente del remedio. En cuanto a la solicitud de la parte recurrida, el tribunal denegó emitir un pronunciamiento anticipado sobre la vigencia de su término como director, por entender que se trataba de un planteamiento prematuro y ajeno a las controversias sustantivas del pleito.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 22 de abril de 2025, el peticionario compareció ante nos mediante el presente recurso de *certiorari.* En el mismo, formula los siguientes planteamientos:

Erró el tribunal de primera instancia al concluir que el peticionario requería de una resolución corporativa para instar una acción derivativa y al sostener que es un "contrasentido" que se demandase a la corporación.

Erró el tribunal de primera instancia al concluir que el albacea carece de facultad para decidir cuáles gastos son necesarios para la protección del caudal y al emitir un remedio para prohibir un gasto realizado por el albacea, quien no es parte ni fue emplazado en el procedimiento de autos, porque el tribunal no lo permitió.

Erró el tribunal al emitir un remedio provisional que no está relacionado con el aseguramiento de la sentencia, sino que persigue que el peticionario no pueda litigar.

Erró el tribunal al no adjudicar la solicitud de la parte recurrida bajo los criterios establecidos por la Regla 57 de las de Procedimiento Civil y al no denegar la solicitud de remedio provisional, porque cualquier daño tiene una reparación económica, sin que se hubiera desfilado ninguna prueba para establecer que dicho remedio seria ineficaz.

Erró el tribunal al no fijar una fianza.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

**II**

**A**

Nuestro ordenamiento jurídico provee, para que, en todo pleito, antes o después de una sentencia, por moción de la parte interesada, un tribunal dicte cualquier orden provisional para asegurar la efectividad de la misma. Regla 56.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.1. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 731 (2018). Esta disposición otorga amplia discreción al Tribunal de Primera Instancia para conceder o denegar el remedio solicitado, con la exclusiva limitación de que la medida sea razonable y dirigida al propósito esencial de asegurar el cumplimiento del pronunciamiento de que trate. *F.D. Rich Co. v. Tribunal Superior*, 99 DPR 158, 176 (1970). En particular, el precitado estatuto, reza:

En todo pleito antes o después de sentencia, por moción del reclamante, el tribunal podrá dictar cualquier orden provisional que sea necesaria para asegurar la efectividad de la sentencia. El tribunal podrá conceder el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura, una orden para hacer o desistir de hacer cualesquiera actos específicos, o podrá ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso. En todo caso en que se solicite un remedio provisional, el tribunal considerará los intereses de todas las partes y dispondrá según requiera la justicia sustancial.

32 LPRA Ap. V. R. 56.1.

El estado de derecho reconoce que la anterior enumeración de remedios no constituye una lista taxativa. *Citibank et al. v. ACBI et al.,* supra, pág. 732. Por tanto, el tribunal está facultado para dictar cualquier orden provisional que intime apropiada y necesaria para asegurar la efectividad de la determinación que pudiese recaer. *Íd.* No obstante, al resolver si procede, o no, el remedio que se le solicite, el ejercicio de la función judicial pertinente debe considerar los siguientes criterios: 1) que el remedio solicitado sea provisional; (2) que su objetivo sea asegurar la efectividad de la sentencia que en su día dicte el tribunal, y (3) que se consideren los intereses de todas las partes. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 489 (2019); *Citibank et al. v. ACBI et al.,* supra, pág. 733; *Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1, 13 (2016).

Por su parte, la Regla 56.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.2, establece que, como norma, un tribunal no concederá, modificará, ni anulará un remedio provisional sin antes notificar a la parte afectada y sin celebrar una vista. Igualmente, a tenor con las disposiciones de la Regla 56.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.3, y la jurisprudencia pertinente, previo a la concesión de un remedio provisional, el tribunal está llamado a requerir a la parte promovente la prestación de una fianza que sea suficiente para responder por los posibles daños y perjuicios que puedan causarse como consecuencia del aseguramiento. *Citibank et*

*al. v. ACBI et al.,* supra, pág. 733; *Cacho Pérez v. Hatton Gotay y otros*, supra. Ahora bien, a manera de excepción, podrá concederse un remedio provisional en aseguramiento de sentencia sin la prestación de fianza, en las siguientes instancias: 1) si, de documentos públicos o privados, surge que la obligación de que trate es legalmente exigible; 2) cuando la parte litigante sea indigente y; 3) si se gestiona el remedio luego de dictada la sentencia. 32 LPRA Ap. V, R. 56.3.

**B**

Finalmente, sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A.    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen.  De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad.  De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez.  Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003).  Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.,* supra, pág. 736.

**III**

Tras entender sobre el recurso de autos, ello a la luz de lo estatuido en la precitada Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, se desprende que el mismo está inmerso en las instancias contempladas por el legislador, a los fines de que este Foro pueda entender sobre un recurso de *certiorari.* Sin embargo, un examen detallado de los documentos que componen el expediente que nos ocupa, nos lleva a abstenernos de ejercer nuestras funciones revisoras respecto al pronunciamiento emitido por el tribunal primario.

En esencia, el peticionario aduce que el Tribunal de Primera Instancia incurrió en error al ordenarle desistir del uso de los haberes y fondos de la Fundación Rigoberto Figueroa Figueroa, Corp., así como del caudal hereditario del señor Rigoberto Figueroa Figueroa, para el pago de honorarios de abogados, al amparo de la Regla 56.1 de Procedimiento Civil, *supra.* A su juicio, dicha orden limitó injustificadamente su capacidad de litigar y respondió a planteamientos procesales incorrectos e infundados.

En su gestión, la sala de origen resolvió acoger parcialmente la solicitud de remedio provisional presentada por la parte recurrida y ordenó al peticionario abstenerse de utilizar los haberes y fondos de dicha entidad, así como del caudal hereditario, para el pago de honorarios de abogados, hasta que el tribunal disponga lo contrario. Al amparo de la Regla 56.1 de Procedimiento Civil, *supra,* el foro primario concluyó que el uso de dichos fondos constituía una erogación corporativa no autorizada, y eximió al recurrido de prestar fianza. En cuanto a la solicitud de la parte recurrida, el tribunal denegó emitir un pronunciamiento anticipado sobre la vigencia de su término como director, por entender que se trataba de un planteamiento prematuro y ajeno a las controversias sustantivas del pleito.

Al entender sobre la totalidad de los documentos que componen el expediente de autos, no advertimos ningún criterio jurídico particular que justifique dejar sin efecto la determinación recurrida. Nada nos sugiere que, en el ejercicio de sus facultades, el Juez del foro de origen haya incurrido en error o en abuso de la discreción que le asiste, de modo que se haga meritorio que soslayemos la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones. A nuestro juicio, el pronunciamiento en cuestión es producto del adecuado ejercicio de las facultades que le asisten al ilustrado Juzgador de Primera Instancia en la materia que atendemos, por lo que, ante ello, no resulta preciso que intervengamos. Por tanto, en virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto que nos ocupa.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones